SUMMERS, Justice,
dissents and adopts as reasons therefor the reasons assigned by the trial judge, which are quoted in full :
“THE COURT: In the matters of State of Louisiana, ex rel. Oran Lee O’Quinn versus number 6279-73, C. Murray Henderson, Warden of Louisiana State Penitentiary, which has been consolidated with for trial State of Louisiana, ex rel Charles LaFleur versus number 6279-73 C. Murray Henderson, Warden, Louisiana State Penitentiary, first, I reject the contention that under the circumstances of this case at some point after the commencement of the trial the Court was. obliged to advise defendants of their right to appeal and of their right to appointed counsel to handle the appeal if they were indigent. Among other reasons for this conclusion is the existence of the fact that at no time was the Court given any indication of indigency. They were being represented by retained counsel, and in the Court’s opinion by competent retained counsel. Next the question of ineffectual representation must be considered. In order for defendants to succeed in their applications it must be shown not only that they were indigent, and that they were ignorant of their rights to appeal and of their right to do so by use of Court appointed counsel, but also that their retained counsel knew these facts to be true and then failed to advise them of their right to appeal and their right to Court appointed counsel to handle the appeals. While it now appears that probably they were in fact indigent, that is the only element that bears any semblance of truth. The evidence reveals that they knew that they had a right of appeal, and that if they were indigent, they had the right to Court appointed counsel. In addition to the previous occasions when the Court had advised them of their rights, at least one of the attorneys *393 had advised them on more than one occasion specifically of their right to Court appointed counsel to handle their appeals; and instead of making their attorneys aware of their indigency, each repeatedly assured his attorney that he was not indigent and gave repeated but empty promises of forthcoming fees. The applicants did not keep these promises knowing full well and in advance that the attorneys would not appeal without payment. In view of these circumstances, I cannot brand these attorneys as being ineffective counsel. Instead of applicants being duped, they duped the attorneys into providing hard fought representation of them during a five day trial with empty promises of remuneration. Each application is denied, and the applicants are ordered to be remanded to the custody of the Department of Corrections.”